UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN W. TOMASZYCKI,

        Petitioner,

                                  Case No. 15-cv-12298

v.

                                  HON. MARK A. GOLDSMITH

TIMOTHY TURKELSON,

        Respondent.

_____/

**OPINION AND ORDER
(1) SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS; (2)
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (3) GRANTING
LEAVE TO APPEAL IN FORMA PAUPERIS**

## I.  INTRODUCTION

Petitioner Dustin W. Tomaszycki, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his sentence for two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d; and one count of accosting children for immoral purposes, Mich. Comp. Laws § 750.145a.  For the reasons stated below, the Court summarily denies the petition for writ of habeas corpus**.**

## II.  BACKGROUND

Petitioner pleaded nolo contendere to the above charges in the Lapeer County Circuit Court.  Petitioner was sentenced to 7½-to-15 years' imprisonment on the criminal sexual conduct charges, and 2-to-4 years' imprisonment on the accosting charge.  Petitioner's conviction was

affirmed on appeal.  People v. Tomaszycki, No. 323431 (Mich. Ct. App. October 14, 2014), leave denied, 862 N.W.2d 200 (Mich. 2015).[1]

On June 9, 2015, Petitioner filed a motion to dismiss his criminal case for lack of jurisdiction, which was denied by the Lapeer County Circuit Court judge.  There is no indication that Petitioner has appealed this decision to the Michigan appellate courts.

Petitioner has filed a petition for a writ of habeas corpus (Dkt. 1).  Although his petition is rambling and difficult to understand, the gist of his petition is that the State of Michigan lacked jurisdiction to prosecute him because the trial judge never took or filed the oath of office.

### III. ANALYSIS

#### A. Merits

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face.  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition, or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief.  See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  In fact, the Sixth Circuit indicated long ago that they "disapprove the practice of issuing a show cause order [to the

---

[1] Petitioner does not indicate the convictions that he challenges in his petition.  The Court obtained the information about Petitioner's convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice.  See Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).  The Court obtained the information about Petitioner's appeal from Westlaw's website, www.westlaw.com.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice.  See United States ex. rel. Dingle v. BioPort Corp., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

respondent] until after the District Court first has made a careful examination of the petition." Allen v. Perini, 424 F.3d 134, 140 (6th Cir. 1970).   A district court, therefore, has the duty to screen out any habeas corpus petition that lacks merit on its face. Id. at 141.   No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. Id.

After undertaking the review required by Rule 4, the Court concludes, for reasons stated in greater detail below, that Petitioner's claim does not entitle him to habeas relief, and that the petition must be summarily denied.  See McIntosh v. Booker, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner claims that the State of Michigan lacked jurisdiction over his criminal case because his state trial judge, Judge John Conover, either did not take his oath of office or did not register it with the Michigan Secretary of State.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts.  Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976); see also Daniel v. McQuiggin, 678 F. Supp. 2d 547, 553 (E.D. Mich. 2009).   The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review."  Strunk v. Martin, 27 F. App'x 473, 475 (6th Cir. 2001).   Judge Conover, in rejecting Petitioner's post-conviction motion to dismiss, determined that he and the Lapeer County Circuit Court had jurisdiction over Petitioner's case.  Petitioner's claim that Judge Conover lacked jurisdiction over his state criminal case raises an issue of state law, because it questions the interpretation of Michigan law, and is, therefore, not cognizable in federal habeas review. See, e.g., Toler v.

3

McGinnis, 23 F. App'x 259, 266 (6th Cir. 2001) (district court lacked authority on habeas review to review the petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).[2]

The Sixth Circuit has rejected a similar jurisdictional challenge made by a federal prisoner.  See United States v. Conces, 507 F.3d 1028, 1041 (6th Cir. 2007) (rejecting as frivolous the defendant's claim that the federal district court judge's failure to keep his "oaths of office" on file and to produce them upon the request of the defendant deprived the court of subject matter jurisdiction over the defendant's criminal case).  Other judges in this district have rejected similar jurisdictional claims.  See Thompson v. Foltz, No. 5:86-CV-60201, 2015 WL 1600446, at *2 (E.D. Mich. Apr. 9, 2015) (Roberts, J.) (habeas petitioner not entitled to relief from judgment from the denial of his habeas petition based on his claim that the state court lacked jurisdiction over his criminal case because the state judge failed to register his oath of office with the Secretary of State); Robertson v. Howes, No. 11-12325, 2011 WL 2490602, at *3 (E.D. Mich. June 21, 2011) (Lawson, J.) (petitioner not entitled to habeas relief on the ground that the judge who presided over his trial failed to register his oath of office with the Michigan Secretary of State).

In addition, Petitioner's claim that the State of Michigan did not have jurisdiction over him because he is a "private citizen" and not a citizen of the "corporate" entities of the State of

---

[2] See also Jurich v. Campbell, No. 2:13-12544, 2014 WL 109489, at *2 (E.D. Mich. Jan. 13, 2014) (Roberts, J.) ("[T]he failure of a judge to demonstrate that he or she has taken an oath of office does not divest a court of subject-matter jurisdiction"); Blackburn v. Norman, No. 3:09-mc-125, 2009 WL 3614052, at *2 (M.D. Tenn. Nov. 2, 2009) (holding that a petitioner's claim that a state-court judge did not take his oath of office under state law is not cognizable on habeas review); Dean v. Cockrell, No. 3:01-CV-1102-H, 2003 WL 21467571, at *3 (N.D. Tex. June 23, 2003) ("Petitioner's claims that he is entitled to habeas corpus review based upon the state judge's failure to take or file required oaths of office are not cognizable on federal habeas corpus review.").

Michigan or the United States of America is without merit.  Other courts have rejected similar jurisdictional claims as being frivolous.  See, e.g., Kerr v. Hedrick, 89 F. App'x 962, 963 (6th Cir. 2004) (rejecting the petitioner's claim that he was exempt from punishment for his federal crimes because his rights derive exclusively from the Moorish Science Temple of America); State v. Arnold, 379 N.W.2d 322, 323 (S.D. 1986) (holding that the trial court had jurisdiction over criminal defendant, even though defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986) (despite defendant's contention that she was an absolute, freeborn and natural individual, she was a "person" under the Internal Revenue code and, thus, subject to prosecution for willful failure to file tax returns).[3]  Therefore, Petitioner's claims do not entitle him to habeas relief.

### B.  Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

---

[3] See also McCaskill v. Terris, No. 4:15-cv-11335, 2015 WL 4065893, at *2 (E.D. Mich. July 2, 2015) ("Not surprisingly, a prisoner cannot write his own get-out-of-jail-free card by making declarations that amount to a renunciation of his obligation to conform his conduct to the requirements of the nation's criminal laws"); Herrington v. Bezotte, No. 14-cv-13395, 2015 WL 268412,at *4 (E.D. Mich. Jan. 21, 2015) (rejecting claim by federal pre-trial detainee that the U.S. Marshals Service could not detain her because they lacked any security interest in her person and did not have any contract with her or in admiralty to grant them jurisdiction over her case); Van Hazel v. Luoma, No. 05-CV-73401-DT, 2005 WL 2837356, at *2 (E.D. Mich. Oct. 27, 2005) ("Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so.");United States v. Williams, 532 F. Supp. 319, 320 (D.N.J. 1981) (rejecting claim that federal government lacked jurisdiction to prosecute defendant who claimed to be a citizen of the "Republic of New Afrika," finding that this was not a sovereign nation recognized by the United States, but was, at most, a black separatist movement).

constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis ("IFP") is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of

reason would not debate this Court's resolution of Petitioner's claim, the issue is not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed <u>in forma pauperis</u> on appeal.  <u>Id.</u>

## V.  CONCLUSION

For the reasons stated above, the Court summarily denies the petition for writ of habeas corpus is summarily denied.  The Court further declines to issue a certificate of appealability is denied.  However, the Court grants Petitioner leave to appeal <u>in forma pauperis</u>.

SO ORDERED.

Dated:  October 30, 2015                               s/Mark A. Goldsmith
       Detroit, Michigan                              MARK A. GOLDSMITH
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2015.

                                          s/Karri Sandusky
                                          Case Manager